UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-582-RJC

| | |
|---|---|
| JORGE GALEAS, JR., ) <br> ) <br> (also known as "Jorge Gevara") ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FNU PREVITIRE, Disciplinary Hearing ) <br> and Correctional Officer, Lanesboro ) <br> Correctional Institution, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e); § 1915A. Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and an Application to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1-6), on November 15, 2011. For the reasons explained below, the Court grants Plaintiff's IFP Motion for the limited purpose of reviewing the Complaint and dismisses Plaintiff's Complaint with prejudice as a malicious filing.

First, as for Plaintiff's IFP Motion, the Court has examined Plaintiff's financial affidavit, in which he asserts that he has no income and is indigent. Although Plaintiff's inmate trust account is not before the Court, the Court has granted Plaintiff IFP status in his previous lawsuits, and it appears that Plaintiff lacks the funds with which to pay the required filing fee at this time. The Court will, therefore, grant Plaintiff IFP status.

**I.  BACKGROUND**

Plaintiff is a former inmate of Lanesboro Correctional Institution who is now imprisoned at Pasquotank Correctional Institution. Plaintiff alleges in the Complaint that on November 08, 2011,

Defendant Previtire, who is alleged to be a disciplinary hearing and correctional officer at Lanesboro Correctional Institution, issued a disciplinary charge against Plaintiff, accusing Plaintiff of masturbating in front of her while he was in his cell. (Doc. No. 1 at 5). Plaintiff alleges, among other things, that Defendant's accusation was false, that she committed perjury and obstructed justice, and that she violated the Racketeering Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. §§ 1961-1968. See (Doc. No. 1 at 5-6). For relief, Plaintiff seeks "[a] declaration that the acts and omissions described herein violated plaintiff's rights under the Universal Declaration of Human Rights, under the U.S. and N.C. Constitution and other provision of the laws, a jury trial on all issues triable by jury and any additional relief this Court deems just proper, and equitable." (Doc. No. 1 at 9).

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (1996), requires that inmates exhaust available administrative remedies prior to filing civil actions.[1] Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); Porter v. Nussle, 534 U.S. 516 (2002) (holding that the PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

---

[1] 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted."

3

"To be entitled to bring suit in federal court, a prisoner must have utilized all available remedies in accordance with the applicable procedural rules, so that prison officials have been given an opportunity to address the claims administratively. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond." Green v. Rubenstein, 644 F. Supp. 2d at 742 (citations and quotations omitted).

In his Prisoner Administrative Remedy Statement, Plaintiff asserts, incredibly, and while under penalty of perjury, that there are no grievance procedures at Lanesboro Correctional Institution. (Doc. No. 3). Plaintiff made the same assertion in a previous lawsuit filed in this Court on October 27, 2011. See (Galeas v. Byrd, No. 3:11cv543, 2011 WL 6370373 (W.D.N.C. Dec. 20, 2011), aff'd, 469 Fed. App'x 236 (4th Cir. 2012)). On December 20, 2011, this Court dismissed the Complaint in that case on the ground that Plaintiff filed the lawsuit maliciously. Galeas v. Byrd, 2011 WL 6370373, at *4. In its Order, the Court held that Plaintiff's assertion that Lanesboro Correctional Institution had no grievance procedures was simply false. The Court stated:

> LCI is a prison within the DOC. Consequently, Plaintiff's verified statement that there is no grievance procedure at LCI is false. The Court takes judicial notice that the instant Complaint is Plaintiff's eighth civil rights complaint filed in this Court in the last 14 months. All eight complaints were filed while Plaintiff was incarcerated at LCI. In support of his previous seven complaints, Plaintiff filed verified statements that he had exhausted his administrative remedies at LCI before filing his civil rights actions in federal court. Notwithstanding those verified statements, two of Plaintiff's previous lawsuits were dismissed in part or in their entirety because he failed to exhaust his administrative remedies before suing in federal court.
> 
> . . . .
> 
> Plaintiff's litigation history demonstrates not only that there is an inmate grievance procedure at LCI, but that Plaintiff has made frequent use of it. Further, despite having three civil rights complaints dismissed, in whole or in part, for failure to exhaust administrative remedies, and two appeals challenging those dismissals rejected, Plaintiff persists in filing unexhausted claims against various LCI officials. Indeed, the instant Complaint is the second that Plaintiff has filed against Byrd without first exhausting his administrative remedies.

> Given his litigation history, Plaintiff could not reasonably have believed that this Complaint would be treated any differently than his previously-filed unexhausted complaints. In fact, the Court views the falsehood in Plaintiff's verified statement as evidence that he knew that this Complaint was subject to dismissal on exhaustion grounds when he filed it. Consequently, the Court finds that Plaintiff did not file the instant Complaint in good faith but with the intent to harass and create mischief for Byrd. In so doing, he has abused the judicial process.

(Id. at **2-3) (footnotes and citations omitted). Plaintiff appealed, and the Fourth Circuit affirmed for the reasons stated by this Court. Galeas v. Byrd, 469 Fed. App'x 236 (4th Cir. 2012).

This Court will dismiss this action as malicious for the same reasons given by the Court in Galeas v. Byrd. As the Court already found in Galeas v. Byrd, Plaintiff's assertion under penalty of perjury that Lanesboro Correction has no grievance procedures is clearly false. The Court further observes that, even if the Court were not dismissing this lawsuit as malicious, it would be dismissed as moot. Here, Plaintiff has only sought declaratory relief. Since filing the Complaint Plaintiff has been transferred from Lanesboro Correctional Institution to Pasquotank Correctional Institution. The Fourth Circuit has held that a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009).

**B.   Three Strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g)**

Plaintiff has filed twelve lawsuits in this Court since August 2010. Gevara v. Bennett, 3:10cv354; Gevara v. Inpold, 3:10cv453; Galeas v. Beck, 3:10cv517; Galeas v. Neely, 3:10cv599; Gevara v. Inpold, 3:10cv454; Galeas v. Walrath, 3:11cv163; Galeas v. Horne, 3:11cv220; Galeas v. Parsons, 3:11cv373; Galeas v. Byrd, 3:11cv543; Galeas v. Previtire, 3:11cv582; Galeas v. Hamilton, 3:11cv587; Galeas v. Pinion, 3:12cv328; Galeas v. David, 3:12cv682. It has become abundantly clear by now that Plaintiff files civil rights lawsuits for

sport.  Because of prisoners like Plaintiff, Congress passed the so-called "three strikes" provision under the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).  The three strikes provision states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff has two strikes against him so far.  First, the above-cited case, Galeas v. Byrd, counts as a strike.  As the Court has noted previously, on December 20, 2011, this Court dismissed with prejudice the Complaint in Galeas v. Byrd on the ground that Plaintiff filed the lawsuit maliciously.  (Order, Doc. No. 4, Galeas v. Byrd, No. 3:11cv543 (W.D.N.C. Dec. 20, 2011).  On March 20, 2012, the Fourth Circuit affirmed the dismissal for the reasons stated by this Court.  Galeas v. Byrd, 469 Fed. App'x 236 (4th Cir. 2012).  Thus, the Court's dismissal in Galeas v. Byrd counts as one strike.

Next, on November 29, 2011, this Court dismissed with prejudice Plaintiff's claim in Galeas v. Hamilton, No. 3:11cv587, for failure to state a claim.  (Order, Doc. No. 4, Galeas v. Hamilton, No. 3:11cv587 (W.D.N.C. Nov. 29, 2011).  On March 20, 2012, the Fourth Circuit affirmed the dismissal for the reasons stated by this Court.  Galeas v. Hamilton, 469 Fed. App'x 230 (4th Cir. 2012).  Thus, the Court's dismissal in Galeas v. Hamilton counts as a second strike against Plaintiff.

The Clerk of Court is instructed to note on the docket that Plaintiff already has two strikes against him.[2] The Clerk is further instructed to note on the docket that if Plaintiff either waives his appeal rights, or if this dismissal is affirmed on appeal, dismissal of this action will count as a third strike against Plaintiff. See Henslee v. Keller, 681 F.3d 538, 541 (4th Cir. 2012) (stating that the dismissal of a prisoner's civil action as frivolous, malicious, or for failure to state a claim does not count as a strike for the purpose of § 1915(g) until the litigant has exhausted or waived his appeals).

## IV. CONCLUSION

In sum, the Court dismisses this action with prejudice as malicious under 28 U.S.C. §§ 1915(e) and 1915A(b).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 1-6), is **GRANTED** for the limited purpose of reviewing the Complaint.

2. Plaintiff's Complaint is **DISMISSED** with prejudice as malicious under 28 U.S.C. §§ 1915(e) and 1915A(b). The Clerk is directed to close the case.

3. The Clerk of Court is instructed to make an entry on the docket noting that Plaintiff already has two strikes against him under 1915(g). The Clerk is further instructed to note on the docket that dismissal of this action will count as the third

---

[2] In Gevara v. Bennett, this Court dismissed with prejudice for failure to state a claim Plaintiff's claims against three of the named defendants. (Order, Doc. No. 14, 3:10cv354, Gevara v. Bennett (W.D.N.C. Sept. 28, 2011)). Furthermore, the Court dismissed without prejudice Plaintiff's remaining claims for failure to exhaust administrative remedies. Plaintiff did not appeal the Court's dismissal. Because some of the claims were dismissed without prejudice, this Court has not counted the dismissal in that case as a strike. See McLean v. United States, 566 F.3d 391, 395-98 (4th Cir. 2009).

strike against Plaintiff if Plaintiff either waives his appeal rights or if this dismissal is affirmed on appeal.

Signed: November 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge